UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDER MCARTHUR,<br>    Plaintiff,<br><br>        v.<br><br>16 LOMBARD ST LLC, et al.,<br>    Defendants. | No. 3:20-cv-1007 (SRU) |

## ORDER ON MOTION TO DISMISS

Starting on July 17, 2020, Alexander McArthur, appearing *pro se*, filed the first of twelve complaints against several defendants raising issues with his apartment building's property management. Because those actions involved "common questions of law and fact," the actions were consolidated into the lead case, *McArthur v. Property Mgmt., et al.*, 20-cv-1007. Order, Doc. No. 10.

NHR Properties, LLC and NHR Group LLC (collectively, "the NHR Defendants") contend that they were served with process in only three of the twelve actions. *See* Defs. Mot. to Dismiss, Doc. No. 19-1, at 1. Those cases are *McArthur v. Property Mgmt., et al.*, 20-cv-1015; *McArthur v. Property Mgmt., et al.*, 20-cv-1038; and *McArthur v. Property Mgmt., et al.*, 20-cv-1055.

On March 3, 2021, the NHR Defendants filed a joint motion to dismiss all claims against them, arguing that they have not been affiliated with the relevant property since 2018 or, in the alternative, to dismiss for failure to state a claim under Rule 12(b)(6). *See* Defs. Mot. to Dismiss, Doc. No. 19-1. McArthur opposed the motion on May 18, 2021. *See* Pl. Opp., Doc. No. 24. For the reasons that follow, the motion is **granted** with respect to the NHR Defendants.

**I.    STANDARD OF REVIEW**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The plausibility standard set forth in *Twombly* and *Iqbal* obligates the plaintiff to "provide the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (cleaned up).  Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (cleaned up).

Because McArthur filed his complaint *pro se*, I must construe his filings "liberally" and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of*

2

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (explaining that *pro se* litigants should be afforded "special solicitude" because they are not represented by counsel). However, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## II.  RELEVANT FACTUAL BACKGROUND[1]

McArthur resides at 456 Lombard Street in New Haven, Connecticut. Compl., Doc. No. 1, at 1. On February 20, 2020—"six days after Valentine's Day"—an employee from the building's property management made sexual advances towards McArthur. *Id.* at 25, 28. That person was Alexis. *Id.* at 25. McArthur rejected her advances. *Id.* Every night since, while McArthur is sleeping, Alexis and "her [acquaintances]" blow crack-cocaine smoke into his apartment through the opening of his door. *Id.* at 9, 11. Sometimes, Alexis and members of property management "blow smoke of crack [cocaine]" into McArthur's apartment during the day. *Id.* at 12. As a result, McArthur has experienced multiple symptoms, such as a loss of appetite, fatigue, and mood swings. *Id.* at 21. McArthur believes the blowing of smoke is a part of larger conspiracy to have him killed, in which Alexis is the mastermind. *Id.* at 23.

## III.  DISCUSSION

1. <u>The NHR Defendants</u>

The NHR Defendants' first line of defense is that they are not the correct defendants. After reviewing the papers, including McArthur's opposition, I must agree.

---

[1]  These allegations are drawn from the complaint filed in 20-cv-1015, which are substantively similar to the other complaints at issue, as well as the complaints in the other consolidated cases. At this stage, I presume the allegations to be true.

3

As previously indicated, McArthur filed twelve lawsuits that are nearly identical to one another. Every complaint names "Property Management" as a defendant. Some, but not all, of the USM-85 forms notate NHR as "Property Management." *Compare, e.g.*, Return of Service, 20-cv-1007, Doc. No. 25 (listing NHR as property management) *with* Return of Service, 20-cv-1065, Doc. No. 29 (not naming NHR). Accordingly, the NHR Defendants were served with several complaints, including the three that are the subject of this motion.[2] But McArthur's naming of the NHR Defendants must have been an error because they cannot be the cause of any of the injuries he has alleged.

The confusion stems from the fact that the NHR Defendants previously served as property manager of 456 Lombard Street ("Premises"). The Premises were sold in February 2018, and the NHR Defendants have not been affiliated with the Premises since. The events underlying McArthur's complaints commenced in February 2020[3], well after the NHR Defendants' affiliation with the Premises terminated. Moreover, the NHR Defendants represent that they "neither currently nor previously … employed [anyone] named 'Alexis.'" Defs. Mot. to Dismiss, Doc. No. 19-1, at 1. Importantly, McArthur never disputes that the NHR Defendants sold the Premises in 2018, nor does he dispute that the NHR Defendants never employed an individual named Alexis. And in fact, McArthur's own complaints suggest that the NHR Defendants were not affiliated with the Premises at the time of his claimed injuries.[4] For

---

[2] In their papers, the NHR Defendants indicate that they were served with only three of the twelve complaints. Yet the returns of service suggest that they were also served with two others. *See* Return of Service, 20-cv-1007, Doc. No. 25; Return of Service, 20-cv-1048, Doc. No. 10. Either way, for the reasons dictated herein, the NHR Defendants are not the proper defendants in any of these actions.

[3] In *McArthur v. 16 Lombard St LLC*, No. 20-cv-1007, McArthur's complaint references conduct from 2019. *See* Compl., Doc. No. 1, at 42. But the point still stands; the NHR Defendants' affiliation with the Premises terminated in 2018.

[4] In deciding a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated

4

instance, McArthur's complaint in *McArthur v. 16 Lombard St LLC*, No. 20-cv-1007 includes a letter he received from his apartment's property management. That letter is dated February 19, 2020 and signed as "16 Lombard Street, LLC, Management Company." Compl., Doc. No. 1, at 31. Similarly, McArthur's complaint in *McArthur v. 16 Lombard St LLC*, No. 20-cv-1159, includes a letter written on McArthur's behalf that was addressed to his apartment's property management. That letter is dated July 28, 2020 and addressed to "16 Lombard Street, LLC." Compl., Doc. No. 1, at 5.

Taken together, I conclude that the NHR Defendants cannot be the proper defendants. Therefore, the NHR Defendants' motion to dismiss is **granted** on that basis. Upon amendment, as granted by this Order, McArthur should endeavor to identify with more specificity which entity served as the property manager of the Premises during the time of McArthur's claimed injuries (which presumably was 16 Lombard Street LLC).[5]

2. <u>Rule 8</u>

Even if the proper party had been served, pursuant to 28 U.S.C. § 1915(e)(2)(B), a court must consider whether a complaint filed by a plaintiff proceeding *in forma pauperis* fails to state a claim on which relief may be granted. Upon doing so, each of McArthur's twelve complaints fail to satisfy Rule 8.

Federal Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise and direct." The purpose of Rule 8 is "to permit the defendant to have a

---

into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may also consider documents the plaintiff relied on in bringing suit, and which are either in the plaintiff's possession, or that the plaintiff knew of when bringing suit. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

[5]   It is worth mentioning that Alexis, named as a defendant in each case, has not been served in any case. So, McArthur must also endeavor to provide more information so that she may be properly served.

fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Ricciutti v. New York Trans. Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (cleaned up). McArthur, like most *pro se* plaintiffs, is not expected to be familiar with all of the formalities of pleading requirements. *See Lerman v. Bd. of Elections*, 232 F.3d 135, 139–40 (2d Cir. 2000). But all defendants are entitled to fair notice of the claims being brought against them. *See Twombly*, 550 U.S. at 555. Here, the defendants do not have such notice, and it would be unreasonably difficult for them to answer the claims as drafted. That is for several reasons.

First, McArthur's complaints cannot be described as "short and plain" or "simple, concise and direct." One complaint is fifty-six pages. And although not every complaint is that long, all of them are handwritten and often illegible at times.

Second, and even more critical, is that McArthur cites to several statutory authorities as a basis for relief without specifying why he is entitled to relief. One example is the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1. The Tom Bane Civil Rights Act is a California statute that "civilly protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out by threats, intimidation or coercion." *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018) (cleaned up). Although McArthur repeatedly references this Act, he never provides any basis upon which a California statute should apply to the facts alleged in his complaints. And some of the statutory bases upon which he relies, particularly within the federal criminal code, cannot serve as a basis for relief. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen generally cannot bring any type of criminal claim against a defendant because he does not have "a judicially cognizable interest in the prosecution or nonprosecution of another.").

IV.   **CONCLUSION**

For the foregoing reasons, the NHR Defendants' motion to dismiss is **granted**. This matter is **DISMISSED** with respect to NHR Properties, LLC and NHR Group LLC. The Clerk is instructed to terminate NHR Properties, LLC and NHR Group LLC from the following cases:

1. *McArthur v. Property Mgmt., et al.*, 20-cv-1015;
2. *McArthur v. Property Mgmt., et al.*, 20-cv-1038;
3. *McArthur v. Property Mgmt., et al.*, 20-cv-1055; and
4. *McArthur v. 16 Lombard St LLC*, No. 20-cv-1007.

In light of McArthur's *pro se* status, McArthur is given leave to re-file his complaint within twenty-one (21) days of this Order. His amended complaint must comply with Rule 8, and his allegations should state a claim which relief may be granted. Should McArthur choose to file an amended complaint, I will conduct an initial review pursuant to 28 U.S.C. § 1915 prior to directing service of the amended complaint on the defendant(s). If McArthur fails to amend his complaint within 21 days as directed by this order, I shall dismiss each of his complaints pursuant to 28 U.S.C. § 1915.

So ordered.

Dated at Bridgeport, Connecticut, this 30th day of March 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill